DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Thomas Clapp, appeals from the judgment of the Summit County Court of Common Pleas which granted Appellee's motion for summary judgment. This Court affirms.
 I. {¶ 2} Appellant worked as a mechanic for RR Sanitation. As a part of his job duties, he routinely operated a forklift. In July 2003, the forklift began to malfunction and was sent to Appellee, Fallsway Equipment Co., Inc., for repairs. Fallsway performed the repairs and returned the vehicle to RR Sanitation on September 18, 2003. Over the next three months, the forklift was used in its usual manner in the business without incident.
 {¶ 3} On December 11, 2003, Appellant was attempting to use the forklift to move a large steel object. While standing next to the forklift, Appellant pushed the starter button. A neutral safety switch on the forklift would ordinarily prevent the forklift from starting if it was in gear. The forklift, however, started despite being in reverse. The forklift immediately backed onto Appellant, crushing his leg beneath its weight. Appellant was able to shut off the forklift and summon another employee. The other employee backed the forklift off of Appellant's leg. As a result of the accident, Appellant suffered severe injuries to his leg, including a fractured fibula, a torn patella tendon, and a dislocated ankle.
 {¶ 4} On June 30, 2004, Appellant filed his complaint for negligence against Appellee. In his complaint, Appellant alleged that Appellee had negligently repaired the forklift, thus causing his injuries. Discovery in the matter proceeded and Appellee moved for summary judgment. In its motion, Appellee used the depositions of two of its employees: Jack Bennett, a forklift technician, and William Porter, a service supervisor. In addition, Appellee used the depositions of Appellant and Gregory Kennell, the president of RR Sanitation. Appellant responded in opposition to the motion, relying on the same four depositions and the affidavits of Appellant, Kennell, and another RR Sanitation employee. The trial court found Appellee's motion well taken and dismissed Appellant's cause of action. Appellant timely appealed, raising one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN GRANTING [APPELLEE'S] MOTION FOR SUMMARY JUDGMENT[.]"
 {¶ 5} In his sole assignment of error, Appellant asserts that the trial court erred in granting Appellee's motion for summary judgment. Specifically, Appellant argues that a genuine issue of material fact exists regarding whether Appellee was negligent. This Court disagrees.
 {¶ 6} This Court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party.Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12.
 {¶ 7} Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 8} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735. Upon review, we find that Appellee met its initial Dresher burden, and Appellant failed to meet his reciprocal burden.
 {¶ 9} In order to succeed under an action for negligence, a plaintiff must show the existence of a duty, a breach of that duty, and that the breach of that duty was the proximate cause of the plaintiff's injuries. Chambers v. St. Mary's School (1998),82 Ohio St.3d 563, 565. In the instant matter, the record does not contain evidence supporting all of the elements of Appellant's claim of negligence.
 {¶ 10} In his complaint, Appellant alleged that his injuries were caused by negligent repairs performed by Appellee. Specifically, Appellant alleged that the neutral safety device on the forklift did not function properly. The device is designed to prevent the forklift from starting if it is in gear. To support his claim, Appellant asserted that the device worked properly prior to the repairs made by Appellee and did not function properly once it was returned. Appellant claimed that the device malfunctioned the first time it was used after the repairs.
 {¶ 11} In support of its motion for summary judgment, Appellee established the following facts. It performed repairs on the forklift beginning in July of 2003. The forklift was returned to RR Sanitation on September 18, 2003. Appellant's accident occurred on December 11, 2003. Between September 18, 2003 and December 11, 2003, no one reported any malfunctions with the operation of the forklift.
 {¶ 12} Bennett testified in his deposition that the repair work done on the forklift did not involve the neutral safety device. He further testified that neutral safety devices can require repairs from ordinary wear and tear. Porter testified in his deposition that he performed a safety check on this particular unit, including testing the neutral safety device.
"Q. Okay. On this particular unit do you have any recollection of — I know you didn't work on it, but you work with all the service techs?
"A. Sure.
"Q. — anything being done either to work on or to check the neutral safety switch on this lift?
"A. Final check — the final check after the work was done would have checked that." Porter went on to explain how the test was performed to determine whether the safety device worked. Additionally, both Bennett and Porter testified that a checklist was used to ensure that the safety check was done. Both Porter and the servicing technician were required to sign off on the safety checklist prior to the forklift leaving the premises. Both testified that the driver returning the forklift would not accept the delivery if the safety checklist had not been signed.
 {¶ 13} In addition, Appellee used the depositions of Kennell and Appellant to establish the following facts. Once Appellee returned the forklift, Appellant used it without incident at least once a day for the three months preceding the accident. Kennell and another employee used the forklift occasionally as well. Specifically, Appellant and another employee used the forklift earlier in the day on the day of the accident. Following the accident, the neutral safety device was never examined or repaired by anyone. In addition, according to Kennell, after the accident, RR Sanitation continued to use the forklift on a regular basis without incident through January of 2005.
 {¶ 14} Finally, Appellee established that Appellant was standing beside the forklift when he attempted to start its engine. Kennell testified that this was not the proper manner to start the forklift and that he would have informed Appellant of such if he had witnessed it. Based upon the above, we find that Appellee met its initial Dresher burden to demonstrate that there were no genuine issues of material fact regarding whether its repairs were performed negligently. Dresher,75 Ohio St.3d at 292-93.
 {¶ 15} In response, Appellant first asserted that neither Bennett nor Porter could specifically remember whether the neutral safety device was tested on this forklift. In support, Appellant relies upon the following colloquy from Porter's deposition:
"Q. Well, other than the fact that you just as a matter of routine go through the safety or inspection at the end of the job, other than that, do you have any recollection of anything actually being done to this neutral safety switch on this lift?
"A. No."
Appellant's conclusion that this establishes a genuine issue of material fact, however, lacks merit. As noted above, Porter indicated that he remembered the final check on this particular lift having been performed. His statement that nothing else was done to the safety device is consistent with earlier testimony that none of the repairs on the forklift involved the safety device in any manner. Further, the undisputed testimony of both Porter and Bennett establishes that the delivery driver would not have accepted the forklift unless the safety checklist had been signed.
 {¶ 16} Appellant also relied upon the affidavits attached to his response to Appellee's motion for summary judgment. These affidavits state that the forklift was only used on rare occasions; that the safety device worked properly prior to its repair; that a properly working neutral safety device would have prevented the accident; and that the first time the forklift was started in gear, the device failed.
 {¶ 17} Construing the evidence in a light most favorable to Appellant, we find that he failed to meet his reciprocalDresher burden. As noted above, Appellant was required to prove a breach of a duty in order to succeed on his negligence claim. The undisputed testimony given by Kennell established that the neutral safety device was never examined at RR Sanitation before or after Appellant's accident. Accordingly, Appellant did not place evidence in the record to establish that the safety device malfunctioned. Appellant's assertion that a properly working safety device would have prevented the accident is not the equivalent of establishing that the device caused the accident. However, even assuming that Appellant established that the device malfunctioned, he offered no evidence, in any form, that Appellee performed repairs in a negligent manner which caused the malfunction.
 {¶ 18} Bennett and Porter established that the repairs on the forklift did not involve the safety device in any manner. Additionally, they established that under their policies, the forklift could not have been returned to RR Sanitation unless the neutral safety device had passed inspection. It is also undisputed that the forklift was used for three months after its repair without incident. Kennell established that the forklift continued to be operated, without repair and without any further incident, through January 17, 2005. Viewing the evidence in a light most favorable to Appellant, he has failed to establish a genuine issue of material fact regarding whether Appellee was negligent in performing the repairs. Neither has he placed any evidence in the record to prove that the neutral safety device was defective. More importantly, the only evidence in the record concerning Appellee establishes that the forklift did not malfunction for three months once it was returned to RR Sanitation. Finally, Appellant has provided no evidence to rebut the statements of Bennett and Porter that their repairs did not effect the safety device in any manner. As Appellant placed no evidence in the record to rebut Appellee's evidence that the safety device was working properly after the repairs were performed and thus their repairs were not negligently performed, his claim for negligence must fail. Accordingly, the trial court did not err in granting Appellee's motion for summary judgment. Appellant's sole assignment of error is overruled.
 III. {¶ 19} Appellant's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Boyle, J. Concurs
Slaby, P.J. Concurs Separately, Saying:
 {¶ 20} I concur and write separately to stress that the appellant did nothing to show any dispute as to a material fact. There was no showing that work had been done on the safety switch. There was no evidence offered to dispute that the work done had anything to do with repairing the safety switch. There was no evidence offered to show that whatever the repair work that was done on the tow motor was done negligently. There was no evidence offered to establish what would have been a proper repair on the tow motor or the safety switch. In my opinion, this is a frivolous appeal and had sanctions been asked for, I would have given serious consideration to granting the same.